1  WILLIAM A. LOGAN, JR. (BAR NO. 115042)
   LAURA M. MOONEY (BAR NO. 203692)
2  PUTTERMAN LOGAN LLP
   580 California Street, 12th Floor
3  San Francisco, CA 94104
   Tel: (415) 839-8779
4  Fax: (415) 376-0956
   E-mail: wlogan@plglawyers.com
5
   Attorneys for Plaintiffs
6  Mitchell A. Tunkel and INNVEST Family Holdings, LLLP

7

8                    **UNITED STATES BANKRUPTCY COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9                           **OAKLAND DIVISION**

10

11 In re:                                   Case No. 11-42900

   JEFFREY B. KAHN,                         Chapter 7
12
            Debtor,
13
   ─────────────────────────────────       Adv. Proc. 11-04132
14 MITCHELL A. TUNKEL, an individual; and
   INNVEST FAMILY HOLDINGS, LLLP, a
15 Florida Limited Liability Partnership,
                                            **STIPULATION FOR SETTLEMENT**
16            Plaintiffs,                    **AND FOR ENTRY OF STIPULATED**
                                            **JUDGMENT IN THE EVENT OF**
17 vs.                                      **DEFAULT**

18 JEFFREY B. KAHN, et al.                  U.S. Bankruptcy Court
                                            1300 Clay Street
19            Defendants.                   Oakland, California

20

21        Plaintiffs Mitchell A. Tunkel and Innvest Family Holdings, LLLP (collectively, "Plaintiffs")

22 and defendant Jeffrey B. Kahn ("Kahn") have currently filed herewith a joint motion requesting an

23 order approving a settlement and setting aside (1) the **JUDGMENT AFTER TRIAL** entered

24 January 28, 2014 ("Judgment") and (2) the **ORDER FIXING THE AMOUNT OF ATTORNEY'S**

25 **FEE SAND COSTS AWARDED AGAINST DEFENDANT AND DEBTOR JEFFREY B.**

26 **KAHN** ("Attorney's Fees Award").  A true copy of the settlement agreement signed by Plaintiffs and

27 Kahn on December 8, 2014, is attached hereto as Exhibit A and incorporated herein (hereinafter,

28

                                              1

"Settlement").  Plaintiffs and Kahn enter into this stipulation in order to set forth the payments required by the Settlement and to provide for the entry of a stipulated judgment in the event of a default in those payments.  If there is any inconsistency between and/or ambiguity created by the settlement agreement attached as Exhibit A and this Stipulation, the terms of this Stipulation shall control.

Upon entry of an order of the Court approving the Settlement and vacating the Judgment and Attorney's Fees Award, the following payments and other terms shall become operative and binding:

1.      Kahn shall pay to Plaintiffs the sum of Four Hundred Sixty Eight Thousand & 00/100 Dollars ($468,000.00) in accordance with the following schedule:

i.      On or before December 31, 2014, Kahn shall deposit the principal sum of Thirty Thousand & 00/100 Dollars ($30,000.00) in the IOLTA account of his counsel Wayne A. Silver, Esq., which funds shall be disbursed immediately to Plaintiffs' counsel's IOLTA account upon entry of an order by the Court approving the Settlement and vacating the Judgment and Attorney's Fees Award;

ii.     On or before March 31, 2015, Kahn shall pay to Plaintiffs' counsel's IOLTA account the principal sum of Twenty Thousand & 00/100 Dollars ($20,000.00);

iii.    On or before May 1, 2015, and continuing thereafter on or before the first of each calendar day of each month to and including April 1, 2022, Kahn shall pay to Plaintiffs' counsel's IOLTA account the principal sum of Three Thousand Three Hundred Thirty Three & 33/100 Dollars ($3,333.33).

iv.     On or before May 1, 2022, and continuing thereafter on or before the first calendar day of each month to and including April 1, 2025, Kahn shall pay to Plaintiffs' counsel's IOLTA account the principal sum of Three Thousand Eight Hundred Thirty Three & 33/100 Dollars ($3,833.33).  As an alternative to the payments required beginning May 1, 2022, Kahn may pay the settlement as follows: (1) if Kahn has paid the principal sum of Four Hundred Fifty Thousand & 00/100 Dollars ($450,000.00) on or before May 1, 2022, plus all accrued interest due hereunder, Kahn shall be deemed to have fully paid the settlement; or (2) if Kahn has paid the principal sum of Four Hundred Fifty Six Thousand & 00/100 Dollars

2

($456,000.00) on or before May 1, 2023, plus all accrued interest due hereunder, Kahn shall be deemed to have fully paid the settlement; or (3) if Kahn has paid the principal sum of Four Hundred Sixty Two Thousand & 00/100 Dollars ($462,000.00) on or before May 1, 2024, plus all accrued interest due hereunder, Kahn shall be deemed to have fully paid the settlement.

v.      In addition to the monthly principal payments required under paragraphs 1(i)-(iv) above, on January 15th of each calendar year beginning January 15th, 2016, and continuing thereafter so long as any principal amount remains unpaid, Kahn shall pay to Plaintiffs' counsel's IOLTA account all accrued and unpaid interest. Accrued and unpaid interest shall be calculated based upon the federal post judgment interest rate under 28 U.S.C. §1961, which is calculated using the average interest rate on one (1) year treasury securities (nominal) as published by the Federal Reserve. This interest rate will be determined as of the first week ending in January of the calendar year after the year in which the interest is due. By way of example, the interest rate for 2015 will be determined by the average interest rate on one (1) year treasury securities (nominal) published by the Federal Reserve the first week of January, 2016.

vi.      In addition to the monthly principal payments required under paragraphs 1(i)-(iv) above, and in addition to the annual interest payments required under paragraph 1(v) above, Kahn shall forthwith pay to Plaintiffs' counsel's IOLTA account sixty percent (60%) of any recovery net of his attorney's fees and costs on any claim that he makes against any of his former attorneys, including without limitation any claim against Peter Bonis, Esq. Any payments under this paragraph 1(vi) shall reduce the amount of principal due under the settlement to the extent of such payment but shall not in any way modify or alter or suspend Kahn's monthly payment obligation set forth in paragraphs 1(i)-(iv), or his annual interest payment obligation set forth in paragraph 1(v).

2.      If Kahn defaults in any of the payments required under paragraph 1, Plaintiffs shall be entitled to have the Stipulated Judgment attached hereto as Exhibit B entered against Kahn and Law Offices of Jeffrey B. Kahn, a California corporation (hereinafter, "Kahn PC"), jointly and severally,

Case: 11-04132   Doc# 145   Filed: 12/26/14   Entered: 12/26/14 15:38:41   Page 3 of 19

in the amount of Five Hundred Fifty Thousand and 00/100 Dollars ($550,000.00), subject to offset or reduction only to the extent of principal payments made by Kahn to Plaintiffs prior to entry. A default shall be defined as a payment due under paragraph 1 but not received by Plaintiffs' counsel on or before the 10th calendar day of the month in which it is due, including any check or other instrument that is returned for insufficient funds, followed by a failure by Kahn to cure said nonpayment within an additional ten (10) days after the date of notice of nonpayment to Kahn and Kahn PC by e-mail to jeff@kahntaxlaw.com and w_silver@sbcglobal.net. For purposes of the entry of the Stipulated Judgment, the default entitling Plaintiffs to have said Stipulated Judgment entered may be established by the declaration of counsel for Plaintiffs submitted on *ex parte* application after twenty four (24) hours notice to Kahn and his counsel at the e-mail addresses above. The only ground for opposition to said *ex parte* application that Kahn and/or Kahn PC may present is that Kahn is not in default as defined herein.

3.    Kahn PC hereby appears in this action and is hereby deemed added as a named defendant in the above captioned adversary proceeding.

4.    The above captioned adversary proceeding may be dismissed without prejudice but subject to the Court reserving jurisdiction to enter the Stipulated Judgment or to otherwise enforce the Settlement. Upon full payment by Kahn of the payments required under paragraph 1, the action may be dismissed with prejudice.

IT IS SO STIPULATED.

Dated: December 26, 2014

PUTTERMAN LOGAN LLP
WILLIAM A. LOGAN, ESQ.
LAURA A. MOONEY, ESQ.


By: /S/ _____
       William A. Logan

Attorneys for Plaintiffs
MITCHELL A. TUNKEL and INNVEST FAMILY HOLDINGS, LLLP

4

| | |
|---|---|
| 1 | Dated: December 26, 2014 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Dated: December 26, 2014 |

Dated: December 26, 2014      **WAYNE A. SILVER**

By: /S/

Wayne A. Silver

ATTORNEY for Defendants
Jeffrey B. Kahn and Law Offices of Jeffrey B. Kahn,
Professional Corporation

Dated: December 26, 2014      **LAW OFFICES OF JEFFREY B. KAHN,**
PROFESSIONAL CORPORATION

By:

Jeffrey B. Kahn

Its President

Case: 11-04132   Doc# 145   Filed: 12/26/14   Entered: 12/26/14 15:38:41   Page 5 of 19

# EXHIBIT A

Settlement Agreement

The matter of <u>In re: Kahn/ Tunkel v. Kahn et al.</u> Case No. 11-40508 and AP no. 11-4132 in the

United States Bankruptcy Court, Northern District of California (Oakland Division) and

Mitchell A. Tunkel, et al. v. Jeffrey B. Kahn, et al, Case No. 07-4940 (02) in the Circuit

Court of the 17th Judicial Circuit in and for Broward County Florida (collectively "the

Action") is settled in <u>full</u> as follows:

The "**Settling Parties**" are:

a. Jeffrey B. Kahn (Kahn);

b. Law Offices of Jeffrey B. Kahn, PC  a California professional corporation (Law Offices);

c. Mitchell A. Tunkel;

d. Innvest Family Holdings LLLP a Florida Limited Liability Partnership (Innvest).

Hereinafter, Mitchell A. Tunkel and Innvest are collectively referred to as "Tunkel".

**The Claim is defined as:  The Judgment entered January 21, 2014, and the subsequent**

**Order Awarding Attorney's Fees entered in the Action (hereinafter collectively**

**"Judgment").**

All Settling Parties desire to resolve the Claim and Judgment. Therefore, the Settling Parties

enter into this Settlement Agreement.


1. Kahn will satisfy the Judgment by paying to Tunkel a total of the sum of $468,000.00

(four hundred sixty eight thousand dollars) payable as follows:

a. $30,000.00 (thirty thousand dollars) no later than December 31, 2014, to be

deposited in the IOLTA account of Wayne Silver, and disbursed to counsel for Tunkel

upon completion of the steps on paragraph 4a of this Agreement;

b. $20,000.00 (twenty thousand dollars) no later than March 31, 2015, to be deposited

in the IOLTA account of Wayne Silver, and disbursed to counsel for Tunkel upon

completion of the steps on paragraph 4a of this Agreement;

c. It is the intention of the parties that the remaining settlement sum of $418,000.00

(four hundred eighteen thousand dollars) shall be paid in monthly installments over a

period of ten years, beginning on May 1, 2015, for seven years at the rate of approximately

$3,333.33 per month, and for years eight, nine and ten, the payment shall be increased by

$500 per month. Interest shall be computed on the balance owed, based on an initial sum

of $400,000.00 at the applicable Federal rate, adjusted annually on January 1 of each year

and paid on January 10 of each year, or added in to each payment. This paragraph shall be

further set forth in the Stipulation to be presented to the Bankruptcy Court to reflect this

intention.

2.  Notwithstanding the foregoing, if Kahn has paid the total sum of $450,000.00 on or before May 1, 2022, this Settlement shall be deemed satisfied and the additional $18,000 owed pursuant to paragraph 1c shall be waived.  There shall be no pre-payment penalty.

3.  If Kahn makes a claim against any of his former attorneys, including but not limited to Peter Bonis and recovers any money, he shall forthwith pay 60% of that recovery, net of his attorneys fees and costs to recover that money, to Tunkel  which payments shall be credited against Kahn's payment obligation under this settlement agreement but such credit shall not alter Kahn's monthly payment obligations hereunder.

4.  The settlement shall be effectuated as follows:

   a.  The parties shall enter into a stipulated motion to dismiss Kahn's pending appeals without prejudice subject to reinstatement as set forth below.  The parties shall also enter into a stipulated motion in the bankruptcy court to vacate the Judgment so that this settlement may be effectuated.  If the bankruptcy court declines to vacate the Judgment, the parties shall return to mediation as set forth in paragraph 6.

   b.  Kahn and Law office shall enter into a stipulation providing that (1) upon the Judgment in the bankruptcy court being vacated, Law Offices shall be added as a party

defendant to the adversary proceeding, and (2) that if Kahn defaults in any of his payment obligations under this settlement, the Court shall enter a Stipulated Judgment against Kahn and Law Offices and against any successor entity, or any entity created or formed by Kahn for the practice of law or accounting, in which Kahn is the sole equity holder, jointly and severally, for $550,000 (five hundred fifty thousand dollars), subject only to credits for any payments made by Kahn under this settlement.

      c. Default is defined as any payment due hereunder but not received by Tunkel on or before the 10th calendar day of the month in which the payment is due. A payment shall be deemed not received where a check has been returned for insufficient funds. Before Tunkel shall give email notice to Kahn of his intention to enter the Stipulated Judgment at the following emails: Jeff@kahntaxlaw.com AND W_Silver@sbcglobal.net. Kahn shall have 10 calendar days to cure the default, after which Tunkel may cause the Stipulated Judgment to be entered. Failure to enter the Stipulated Judgment after any default shall not result in any waiver of the right to enter the Judgment for any subsequent default.

5. Tunkel shall act in good faith to cooperate in the event that any investigation is opened by the State Bars of California or Florida or the Florida Board of Accountancy into any matters related to the Claim or Judgment. In the event of a dispute regarding this paragraph, the Settling Parties agree that the dispute shall be submitted to binding arbitration before

Claudia Hagadus Long, or if unavailable, before another mutually agreeable Arbitrator. The party who requests arbitration shall pay all initial Arbitrator's fees and the Arbitrator shall have discretion to allocate payment of the Arbitrator's fee and Administrative costs.

6. The parties further agree to execute all necessary documents to effect the Settlement Agreement promptly. **In the event that the current Judgment cannot be vacated, the parties shall return to mediation with Claudia Hagadus Long within 45 days of notice that the Judgment could not be vacated for further attempts at settlement before proceeding with any appeals or collection actions.**

7. This settlement is in release of disputed claims. The Settling Parties do not, by this settlement, admit any liability whatsoever for the claims alleged herein, nor do the parties admit to any of the defenses alleged by the other. This settlement is an economic decision of the parties, after full consideration of the costs and risks attendant on proceeding with this matter any further.

8. The parties acknowledge that Claudia Hagadus Long is acting as the neutral mediator, and is not the attorney for either party. The parties agree that they have had the opportunity to be fully advised by counsel of their choice of the ramifications of their decision to settle this matter, including the loss of any right to proceed to a trial to determine their rights and duties in this matter.

9.  This is an <u>admissible, enforceable binding settlement agreement to the fullest extent allowed by CCP Sect. 664.6 and any other applicable California and Federal law</u>. In the event that any action is brought to enforce this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys fees for enforcement.

10. The Settling Parties further understand that upon signature of this document, and fulfillment of its terms, they have fully and finally settled all claims, known or unknown, potential or realized, between themselves, except as stated in this Agreement. The Settling Parties further agree that they will not assert any claims against any other Settling Party, that have accrued as of the date of this Agreement, during the term of this Agreement, other than for breach of this Agreement.

11. The terms of this settlement shall be confidential except as to the Court, the parties' spouses, attorneys, accountants, the IRS, or as may be required by law. The Settling Parties further agree to maintain the confidentiality of the mediation process, and not to disclose anything that was said in the process of this mediation to any third party, including without limitation the press, any on-line forum, blog or other publication. The Settling Parties further agree not to issue or publish disparaging comments regarding the underlying facts of this Claim, its resolution, or the Settling Parties in any public forum.

12. This settlement Agreement may be signed in counterparts, and a copy has the same force and effect as an original. Each signing person asserts that he/she has authority to sign on behalf of the entity for which he is signing.

13. The Settling parties agree that they have not filed any complaints other than the previously filed complaint to the Florida State Bar, regarding this Action, with any other court, administrative or governing body, including the State Bars of California and Florida, or the Florida Board of Accoutancy.

14. Upon fulfillment of all of the terms of this Agreement, Settling parties shall dismiss the Federal adversary proceeding with prejudice.

December _8_, 2014

INDIVIDUALLY AND
By: Mitchell A. Tunkel
Title: General Partner
Innvest Family LLLP

INDIVIDUALLY AND
By: Jeffrey B. Kahn
Title: President of Law offices
of Jeffrey B. Kahn PC

Tunkel / Kahn

December 8, 2014

Page 8 of 8


Approved as to form:


By: WAYNE A. SILVER

Attorney for: JEFFRY B. KAHN

By: William A. Logan, Jr.

Attorney for: Mitch Tunkel
and Innuvet

# CONFIDENTIALITY AGREEMENT

CASE NAME *RE:*     ___TUNKEL, et al. v. KAHN, et al.___
                  *ADRS Case No. 14-7279-CHL*

In order to promote communication among the parties and the mediator and to facilitate Settlement of the dispute, all parties agree that the mediator has no liability for any act or omission in connection with the mediation, and further agree as follows:

The mediator is assisting in a neutral capacity and is not serving as an attorney for any party to the mediation. No representations by the mediator should be considered legal advice and the parties are free to consult with legal counsel of their choice should they wish to do so.

All statements made during the course of the mediation are privileged settlement discussions, are made without prejudice to any party's legal position, and are non-discoverable and inadmissible for any purpose in any legal proceeding.

The privileged character of any information is not altered by disclosure to the mediator. Disclosure of any records, reports, or other documents received or prepared by the mediator cannot be compelled. The mediator shall not be compelled to disclose or to testify in any proceeding as to (I) any records, reports, or other documents received or prepared by the mediator or (II) any information disclosed or representations made in the course of the mediation or otherwise communicated to the mediator in confidence.

Since the parties are disclosing sensitive information in reliance upon this agreement or confidentiality, any breach of this agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this agreement.

Any party breaching this agreement shall be liable for and shall indemnify the non-breaching parties and the mediator for all costs, expenses, liabilities, and fees, including attorneys' fees, which may be incurred as a result of such breach.

While the California evidence code shall apply to this mediation, for purposes of confidentiality under the evidence code the mediation does not end unless and until one party notifies in writing the remaining parties and the mediator that the mediation has ended. This confidentiality agreement and any written settlement agreement resulting from this mediation are admissible in any subsequent proceeding to enforce that very agreement.

Dated 12/8, 2014, and signed before commencement of the mediation by each of the persons whose signatures appear below.

WAYNE Ji LENAN

JEFFREY B. Kahn

SUSANNAH L. Kahn

Mitchell A. Tunkel

William A. Logan Jr.

Laura M. Mooney

# EXHIBIT B

WILLIAM A. LOGAN, JR. (BAR NO. 115042)
LAURA M. MOONEY (BAR NO. 203692)
PUTTERMAN LOGAN LLP
580 California Street, 12th Floor
San Francisco, CA 94104

Mail service address:
2175 N. California Blvd, Suite 805
Walnut Creek, California 94596

Tel: (415) 839-8779
Fax: (415) 376-0956
E-mail: wlogan@plglawyers.com

Attorneys for Plaintiffs
Mitchell A. Tunkel and INNVEST Family Holdings, LLLP

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No. 11-40508 |
| JEFFREY B. KAHN, | Chapter 7 |
| Debtor, | |
| MITCHELL A. TUNKEL, an individual; and INNVEST FAMILY HOLDINGS, LLLP, a Florida Limited Liability Partnership, | Adv. Proc. 11-04132 |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| vs. | U.S. Bankruptcy Court |
| JEFFREY B. KAHN, et al. | 1300 Clay Street Oakland, California |
| Defendants. | |

Pursuant to the Stipulation for Settlement and entry of Judgment in the Event of Default (hereinafter, "Stipulation") approved by the Court, and upon the *ex parte* application of Plaintiffs for entry of this judgment, and upon the finding of the Court that defendants Jeffrey B. Kahn and Law Offices of Jeffrey B. Kahn, Professional Corporation, are in default under said stipulation, and good cause appearing therefore,

1

1       IT IS HEREBY ORDERED that Judgment be and hereby is entered in favor of Plaintiffs

2   Mitchell A. Tunkel and Innvest Family Holdings, LLLP, and against Defendant Jeffrey B. Kahn and

3   Law Offices of Jeffrey B. Kahn, jointly and severally, in the amount of $550,000.00.

4       This Judgment shall be deemed partially satisfied to the extent of any payments made by

5   Kahn pursuant to the Stipulation prior to its entry, shall be nondischargeable in its entirety under

6   11 U.S.C. 523, and shall continue to accrue interest as provided by law.

7                      ** END OF JUDGMENT **

1    COURT SERVICE LIST
2        None Applicable.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 11-04132    Doc# 145    Filed: 12/26/14    Entered: 12/26/14 15:38:41    Page 19 of 19